**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor,** ***pro se*** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **Lieutenant Doyle, Correctional** | ; | |
| **Officer Blain, A.T. Wall, Director** | : | **C.A. No.: 05-407S** |
| **Of Rhode Island Department of** | : | |
| **Corrections, Deputy Warden** | : | |
| **Donna Collins, Warden James** | : | |
| **Weeden, Theresa Lantz, Commissioner** | : | |
| **Connecticut Department of Corrections** | : | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S PETITON FOR WRIT OF ERROR CORAM NOBIS AND/OR HABEUS CORPUS AD FACIENDUM ET RECIPIENDUM: ALL WRITS ACT PETITION FOR MANDAMUS**

Now come the Defendants in the above-entitled matter and hereby move, pursuant to Rule 12 of the Federal Rules of Civil Procedure to dismiss this action. Defendants submit that Plaintiff's Petition should be dismissed for failure to establish subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim upon which relief may be granted under Rule 12(b)(6). The reasons for this motion are set forth in the accompanying Memorandum.

Defendant, by his attorney,

Kathleen Kelly

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Thaddeus Taylor, at P.O. Box 8200, Cranston, RI 02920, on this 24th day of October, 2005.

Kathleen Kelly

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor,** ***pro se*** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **Lieutenant Doyle, Correctional** | ; | |
| **Officer Blain, A.T. Wall, Director** | : | **C.A. No.: 05-406S** |
| **Of Rhode Island Department of** | : | **C.A. No.: 05-407S** |
| **Corrections, Deputy Warden** | : | |
| **Donna Collins, Warden James** | : | |
| **Weeden, Theresa Lantz, Commissioner** | : | |
| **Connecticut Department of Corrections** | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THE MOTIONS TO DISMISS UNDER RULE 12**

Now come the Defendants in the above-entitled action and hereby submit this Memorandum of Law in support of its Motions to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. Defendants submit that Plaintiff's petitions should be dismissed for failure to establish subject matter jurisdiction under Rule 12(b)(1), and for failure to state a claim upon which relief may be granted under Rule 12(b)(6).

**Facts and Travel of the Case**:

Plaintiff Thaddeus Taylor is a penal inmate, currently housed in the High Security Center of the ACI. Plaintiff was transferred to the State of Rhode Island Department of Corrections from the Connecticut Department of Corrections on March 9, 2005. He is not serving in Rhode Island on any Rhode Island criminal charges, but is housed in this state based on a request from Connecticut to accept this inmate through an interstate transfer. Since his incarceration in Rhode Island, Plaintiff has filed

numerous lawsuits and motions seeking injunctive relief, in both Rhode Island and Connecticut, alleging a broad spectrum of constitutional violations. On September 20, 2005, Chief Judge Ernest C. Torres dismissed, with prejudice, the majority of Plaintiff's complaints[1].

On August 12, 2005, Plaintiff also filed two Petitions for Writ of Error Coram Nobis and/or Habeas Corpus in the Federal District Court for the District of Rhode Island. The Department of Corrections was given notice to respond to these petitions by October 28, 2005[2].

In his petitions Plaintiff seeks relief from two disciplinary sanctions he received on August 9, 2005. On that date, at 9:45 a.m., Plaintiff was cited for having possession of contraband in his cell. At 10:10 a.m., Plaintiff was cited for "Failure to obey a clearly stated order in a manner that conveys a challenge to authority and jeopardized the safety and security of the facility". Plaintiff was given a disciplinary hearing relating to each of these infractions and was found guilty of each. He was sentenced to 15 days in segregation for the contraband infraction and 30 days in segregation for the disobedience infraction.

Plaintiff filed an appeal with Deputy Warden Donna Collins, and on August 26, 2005, Deputy Warden Collins approved Plaintiff's appeal and reduced his sanctions to 6 days for the contraband and 21 days for the disobedience. Deputy Warden Collins based the reductions on her determination that the type of contraband warranted a six day sentence, and she reduced the level of severity of the disobedience offense to a

---

[1] Chief Judge Torres dismissed Plaintiff's Complaint #05-118T.

[2] The Department of the Attorney General was initially noticed to respond. However, that department forwarded the Order to the Department of Corrections based upon the nature of Plaintiff's complaints.

Level 2 infraction – Failure to obey a direct order promptly and without question. Plaintiff did not begin his time in segregation until after the appeal process was complete; therefore Plaintiff spent a total of 27 days in segregation for these two infractions[3].

Plaintiff has filed these Petitions for Writ of Habeas Corpus requesting the Federal Court exercise jurisdiction over these matters and vacate the guilty findings of the Disciplinary Board. Plaintiff claims his constitutional rights in the disciplinary hearing process were violated, that he was denied due process of law, a fair hearing, and an opportunity to put forth a defense. He further claims the disciplines he received were in retaliation for lawsuits he has brought against the Department of Corrections.

Defendants emphatically deny that Plaintiff is being retaliated against in any manner and dispute the factual allegations Plaintiff has made. However, for purposes of this Motion to Dismiss, Defendants will not dispute the factual allegations at this time. Defendants have filed a motion to dismiss under Rule 12(b) (1) and 12 (b) (6) of the Federal Rules of Civil Procedure

**Defendant's Argument under Rule 12(b)(1) – Lack of Subject Matter Jurisdiction.**

Plaintiff has filed a Habeas Corpus petition under 28 U.S.C. 2254, which provides:

[3] Plaintiff states in his Petitions that he received 30 days and 15 days segregation time. He fails to mention the appeal or the results of that appeal. He also fails to mention that at his request Deputy Warden Collins held off reviewing his appeal until August 26, 2005, so that he could complete a program he was participating in at the ACI. Plaintiff would have been unable to complete the program if he were placed in the Segregation Unit.

> State custody; remedies in Federal courts -
>
> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only *on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States (emphasis added).*
>
> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> 2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

Plaintiff claims the Department of Corrections has violated his constitutional rights by sentencing him to 30 days and 15 days segregation for two separate disciplinary infractions. Based on the facts set forth in Plaintiff's Petitions, and accepting the facts as true for purposes of this motion only, Plaintiff fails to state a claim that invokes the jurisdiction of the Federal Court. Plaintiff makes no claims that invoke any constitutionally protected liberty interests.

Plaintiff alleges he was given a disciplinary hearing on August 11, 2005, and after that hearing he was found guilty of the two infractions. The due process liberty interests conferred upon an inmate in this type of disciplinary hearing were addressed in

Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293. In Sandin, the prisoner was given a disciplinary hearing and after hearing sentenced to 30 days disciplinary segregation. Sandin v. Conner, 515 U.S. 472, 475; 115 S.Ct., 2293, 2296 (1995). The United States Supreme Court stated, "The Due Process Clause standing alone confers no liberty interest in freedom from state action taken within a sentence imposed." Sandin at 480. "The State may in certain circumstances create liberty interests that are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical, significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin at 484. The Court went on to hold that a 30 day sentence to disciplinary segregation "did not present the type of atypical, significant deprivation in which a State might ....create a liberty interest." Sandin at 475. Based on the holding in Sandin, Plaintiff's sentence to disciplinary segregation does not trigger any due process liberty interests or constitutional protections. The allegations set forth in the petitions implicate no conduct that invokes a constitutional or federal statutory right. Plaintiff's petitions should be dismissed for lack of subject matter jurisdiction.

Plaintiff also alleges that he is eligible for placement in a halfway house and for a parole hearing in November 2005, and that the disciplinary sentences may have an adverse impact on his opportunities to be released back into the community. An inmate's parole status and its relationship to disciplinary action has also been addressed

in Sandin. The Court stated "The decision to release a prisoner rests on a myriad of considerations. And the prisoner is afforded procedural protection at his parole hearing in order to explain the circumstances behind his misconduct record. The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause". *Sandin* at 2302, 487.

The Plaintiff's petitions complain of no conduct that implicates a constitutional or federal statutory right; therefore, the petitions should be dismissed for lack of Federal Court subject matter jurisdiction.

**Defendant's Argument under Rule 12(b)(6) - Failure to State a Claim upon which Relief can be Granted.**

Federal Rule of Civil Procedure 12(b)(6) provides "that a party is entitled to the dismissal of actions that fail to state a claim upon which relief can be granted. In considering a motion to dismiss brought pursuant to this rule, the court must accept the well-pleaded averments of the plaintiff's complaint as true, and view these facts in the light most favorable to the plaintiff." Chongris v. Bd. Of Appeals, 811 F.2d 36, 37(1st Cir. 1987); Brower v. County of Inyo, 489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed. 628 (1989). "A motion to dismiss under Rule 12(b)(6) will only be granted when it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46; 2 L.Ed. 2d 80; 78 S.Ct. 99 (1957). However, although the threshold for stating a claim is low, it is not nonexistent. No credit need be given to gauzy generalities, unsupported conclusions, subjective

characterizations, and problematic suppositions. Merritt v. Aylmer, etc., 1992 U.S. App. Lexis 28857, citing The Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). "More is required than conclusions and subjective characterizations. It is not enough to allege a general scenario which could be dominated by unpleaded facts, nor merely to allege without specification that defendants used their powers generally with respect to various governmental bodies to plaintiff's prejudice." Merritt v. Aylmer, etc, 1992 U.S. App. Lexis 28857; citing Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982).

Plaintiff asserts he was "deprived of due process of law, denied the right to call witnesses as part of the respondent's defacto policies and customs of not allowing inmates to call witnesses, and failed to provide petitioner with meaningful assistance from a staff member." He further claims individuals involved in the hearing were not impartial and unbiased and in fact "acted as pawns" in the intentional punishment of petitioner for filing lawsuits against members of the department. These statements are nothing more than conclusions, suppositions, and generalities with no factual integrity. As such, based on the lack of an adequate factual foundation and on his failure to define a constitutional right or federal statutory law violation, Plaintiff has failed to state any claim by which relief could be granted in Federal Court.

Further, even if the Court were to view the facts articulated by the Plaintiff as sufficient, true, and in the light most favorable to him, Plaintiff still fails to state a claim upon which relief can be granted. Plaintiff has alleged no set of facts that establish a constitutional right or protected liberty interest under the holding in Sandin

v. Conner. "In order to rise to the level of a due process violation, those disciplinary proceedings must have resulted in a deprivation that was a typical and significant in the ordinary instances of prison life." Jose Doctor v. Ashbel T. Wall, et al, 143 F.Supp 2d 203, 210 (R.I. 2001); citing Sandin v. Connor, 515 U.S. at 484; 115 S.Ct. at 2300. "The Supreme Court rejected the argument that a thirty day segregation violated the due process clause, since the segregation did not present an 'atypical' and 'significant' deprivation in the ordinary incidents of prison life." Doctor at 210, citing Sandin at 484, 2300.

Plaintiff fails to state any claim in which he is entitled to relief under 28 U.S.C. § 2254. Therefore, Defendants respectfully submit his Petitions for Writ of Habeas Corpus should be denied.

Defendant, by his attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, postage-prepaid, to Plaintiff, Joseph Botelho, Medium Security - Moran, P.O. Box 8274, Cranston, RI 02920, on this 24th day of October, 2005.