SCANNED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor, *pro se*** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **Lieutenant Doyle, Correctional** | ; | |
| **Officer Blain, A.T. Wall, Director** | : | **C.A. No.: 05-407S** |
| **Of Rhode Island Department of** | : | |
| **Corrections, Deputy Warden** | : | |
| **Donna Collins, Warden James** | : | |
| **Weeden, Theresa Lantz, Commissioner** | : | |
| **Connecticut Department of Corrections** | : | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO DISMISS UNDER RULE 12**

Now come the Defendants in the above-entitled matter and hereby submit this Reply Memorandum in response to Plaintiff's Objection to the Motions to Dismiss filed by Defendants pursuant to Rule 12 of the Federal Rules of Civil Procedure. For the reasons set forth in the accompanying Reply Memorandum, Defendants respectfully submit Plaintiff's petition should be dismissed.

Defendants, by their attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
Office of Legal Counsel
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*



SCANNED

**Certification**

I hereby certify that a true copy of the within document was mailed, inter-departmental mail, to Plaintiff, Thaddeus Taylor, P.O. Box 8200, Cranston, RI 02920, on this 9th day of November, 2005.

Kathleen Kelly

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Thaddeus Taylor,** ***pro se*** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **Lieutenant Doyle, Correctional** | ; | |
| **Officer Blain, A.T. Wall, Director** | : | |
| **Of Rhode Island Department of** | : | **C.A. No.: 05-407S** |
| **Corrections, Deputy Warden** | : | |
| **Donna Collins, Warden James** | : | |
| **Weeden, Theresa Lantz, Commissioner** | : | |
| **Connecticut Department of Corrections** | : | |

**DEFENDANTS' REPLY MEMORANDUM OF LAW**

Now come the Defendants in the above-entitled matter and hereby submit this Reply Memorandum in response to Plaintiff's Objection to the Motions to Dismiss filed by Defendants pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**Facts and Travel of the Case**:

Plaintiff, Thaddeus Taylor, [Plaintiff or Taylor] is a penal inmate, currently housed in the High Security Center of the ACI. On August 12, 2005, Plaintiff filed two Petitions for Writ of Error Coram Nobis and/or Habeas Corpus in the Federal District Court for the District of Rhode Island. The Department of Corrections responded to these petitions on October 24, 2005, by filing motions to dismiss under Rule 12 of the Federal Rules of Civil Procedure.

Plaintiff has now filed objections to Defendant's motions to dismiss wherein he claims that the disciplinary sanctions imposed violated his due process rights in regard

to both the segregation time and a loss of good time credits. Plaintiff states in his objection "loss of good time and any actions that would keep the petitioner incarcerated longer clearly involves state created liberty interests." This is the first time Plaintiff has alleged the loss of good time credits violates his due process rights; therefore, Defendants submit this reply to address that sole issue. Based upon the argument set forth below, Defendants' submit Plaintiff's petition should still be dismissed under Rule 12 (b) (1) and Rule 12 (b) (6) of the Federal Rules of Civil Procedure.

## Argument

**Plaintiff has no constitutionally protected liberty interest in his good time credits pursuant to R.I.G.L. § 42-56-24.**

The United States Constitution does not guarantee good time credit, [but] an inmate has a liberty interest in good time credit when a state statute provides such a right, and delineates that it is not to be taken away except for serious misconduct. *Wolff v. McDonell*, 418 U.S. 539, 557; 94 S.Ct. 2963, 2975 (1974). In *Wolff*, the Court determined that because the Nebraska statute in question provided a right to good time and also specified that it could be forfeited only for serious misconduct, an inmate had a state created liberty interest in the retention of the good time, and was entitled to the minimum requirements of due process. *Lynch v. Walter Whitman*, 2005 U.S. Lexis 7255 (D.R.I. 2005), citing *Wolff v. McDonnell*, 418 U.S. at 558.

However, Rhode Island's good behavior/good time statute, codified in R.I.G.L. § 42-56-24, has been determined to be discretionary in nature and does not confer any protected liberty interests upon the inmate. *Barber v. Vose*, 682 A.2d 908, 912 (R.I. 1996); *Leach v. Vose*, 689 A.2d 393, 398 (R.I. 1997). "Rhode Island's good-time

sentence credit statute, R.I.G. L. § 42-56-24, is discretionary in its application, and the due process procedures required by Wolff are only required when the statute in question is mandatory or specifically limits the discretion of prision department authorities. Barber v. Vose, 682 A.2d at 912, Leach v. Vose, 689 A.2d at 398. "There is no liberty interest created by our good time ....credit statute since it is completely discretionary, the department's modification of its manner of calculating good time credits.....does not implicate the due process clause. The Department can decide, within its discretion, whether to award good time credits.....at all, so an inmate cannot claim a violation of his liberty interest when the Department decides to change the method of calculation. Leach v. Vose, 689 A.2d at 398.

R.I.G. L. 42-56-24 (a) **Time allowed for good behavior** – provides that:

> (a).....a prisoner....who is not serving a life sentence, [and] appears by the record to have faithfully observed all the rules and requirements of the institutions and not to have been subjected to discipline, shall, with the consent of the director of the department of corrections, or his or her designee, upon recommendation...by the assistant director of institutions/operations, be deducted from his [sentence], the same number of days per month as there are years in his sentence term......
>
> (c) For every day a prison shall be shut up or otherwise disciplined for bad conduct, as determined by the assistant director, subject to the authority of the director, there shall be deducted one day for the time he shall have gained for good conduct. R.I.G. L. § 42-56-24.

Because under R.I.G. L. § 42-56-24, recommendation and consent "constitute prerequisites to the reduction of the term of a sentence through the extension of good time credits....no statutory right to good time is conferred upon a prisoner. Rather prison officials are invested with discretionary authority to extend good time credits." Lynch v. Whitman at 25, citing Barber v. Vose, 682 A.2d at 914. Also, unlike the

Nebraska statute discussed in Wolff, Rhode Island's good time credit statute places no limitation on the type of misconduct necessary for removal of good time credit. The plain language of the statute specifically provides that removal of the credits is allowed for any "bad conduct" and is also subject to the recommendation and consent of the assistant director and director. Therefore, this provision is also completely discretionally.

"It is well settled that the interpretation of a state statute is for the state court to decide and when the highest court has spoken, that interpretation is binding on federal courts." *Salemme v. Ristaino*, 587 F.2d 81, 87 (1st Cir. 1978). Therefore, this court is bound to accept the Rhode Island Supreme Court's determination that R.I.G.L § 42-56-24 is discretionary in its application and confers to inmates no constitutionally protected liberty interests.

As stated in Defendant's Motion to Dismiss, even if you accept the facts outlined by the Plaintiff as true, he still fails to state a claim in which he is entitled to relief under 28 U.S.C. § 2254. Whether the Court considers Plaintiff's initial claim of unconstitutional disciplinary proceedings, or his new claim of loss of good time credits, he has set forth no set of facts that invoke a constitutionally protected liberty interest. Therefore, Plaintiff has failed to state any claims in which he is entitled to relief in the Federal Court.

Defendants, by their attorney,

Kathleen M. Kelly #5501
RI Department of Corrections
Office of Legal Counsel
40 Howard Avenue
Cranston, RI 02920
(401) 462-2622
(401) 462-2583 *fax*

**Certification**

I hereby certify that a true copy of the within document was mailed, inter-departmental mail, to Plaintiff, Thaddeus Taylor, P.O. Box 8200, Cranston, RI 02920, on this 9th day of November, 2005.